UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAREEM J. HOWELL,

    Plaintiff,

v.

D. TRAN, et al.

    Defendants.

No. 2:16-cv-0620-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. His initial complaint was dismissed on screening with leave to amend on October 5, 2017. ECF No. 9. On January 16, 2018, plaintiff filed an amended complaint (ECF No. 16) and the court must screen it.

Screening

I.    <u>Legal Standards</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

/////

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

II. Analysis

Plaintiff alleges that the named defendants wrongfully confiscated his legal property during a cell search. ECF No. 16 at 2-5. The property was never returned to him. *Id.* at 5. He claims that as a consequence of this confiscation he was forced to plead guilty in a criminal case. *Id.* at 7. He also claims that he was forced to abandon his appeal of an involuntary medication order. *Id.* Plaintiff asserts that this violated his First, Eighth, and Fourteenth Amendment rights. *Id.* at 8.

First, it is entirely unclear how any of defendants' alleged actions violated plaintiff's Eighth Amendment rights. He has offered no specific theory on this point and the court declines to infer claims that are not raised in the body of the complaint. Second, the court explained in its first screening order that any Fourteenth Amendment due process claim based on the confiscation and loss of plaintiff's property is non-cognizable. To wit:

> Moreover, any due process claim predicated on the confiscation of plaintiff's property fails because he has not alleged facts showing that he had no post deprivation process available to him. The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). The United States Supreme Court has held, however, that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Here, California's tort claim process provides an adequate postdeprivation remedy *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."). Plaintiff cannot state a proper due process claim because California offers an adequate post deprivation remedy.

ECF No. 9 at 4.

/////
/////
/////
/////

3

Only plaintiff's First Amendment access to court claims remain. With respect to the criminal case in which he allegedly plead guilty – No. 14F07031 in the Sacramento Superior Court - the court takes judicial notice of the docket[1] in that case. Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). Review of that docket indicates[2] that plaintiff was appointed a public defender who represented him through the entry of his no contest plea. The Ninth Circuit has held that "a defendant who is represented by counsel has no constitutional right of access to legal materials." *United States v. Robinson*, 913 F.2d 712, 717 (9th Cir. 1990). Additionally, the court notes that plaintiff has provided no detail as to what evidence or irreplaceable legal materials his lost property contained and why, once they were lost, he felt that he had no choice but to plead guilty. Finally, with respect to plaintiff's claim that the loss of his legal materials caused him to "abandon his appeal issues on [an] involuntary medication order" (ECF No. 16 at 7), the court finds that it requires additional information to assess this claim. Plaintiff indicates that the appeal in question was an administrative one submitted to the California Department of Corrections and Rehabilitation rather than a state court appeal. *Id.* at 2. He does not specifically allege why the loss of his materials forced him to wholly abandon his appeal. Additionally, to the extent he alleges that his inability to complete this appeal frustrated his ability to exhaust administrative remedies and, consequently, to file a section 1983 suit, that argument is unpersuasive. The Ninth Circuit has held that prisoner lawsuits may proceed in the absence of administrative exhaustion when affirmative acts by prison officials disrupt or prevent administrative exhaustion of remedies, making them effectively "unavailable." *See Nunez v. Duncan*, 591 F.3d 1217, 1224-25 (9th Cir. 2010).

---

[1] Plaintiff has provided the case number in his complaint. ECF No. 16 at 2.

[2] Using the case number provided by plaintiff, the court reviewed the docket through the Sacramento Superior Court's public portal at: https://services.saccourt.ca.gov/PublicCaseAccess/Criminal/CaseDetails?sourceSystemId=8&sourceKey=1488217

The court will give plaintiff a final opportunity to amend his complaint. In so doing, he should clarify the issues surrounding his state criminal case, that is: (1) whether he was represented by counsel at the time he entered a no contest plea; and (2) what evidence/legal materials relevant to that case were lost and why their loss affected his decision to enter a plea. Additionally, plaintiff should provide additional information regarding his involuntary medication appeal, including the stage of the appeal when he was allegedly forced to abandon it.

### Leave to Amend

Plaintiff may choose to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor, as mentioned above, may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

/////

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint (ECF No. 16) is dismissed with leave to amend within 30 days from the date this order is served; and

2. Failure to comply with this this order may result in dismissal of this action.

DATED: November 28, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE